IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 18-140 |
| | ) | |
| KRISTOFF CAIN, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

# ORDER

Kristoff Cain's ("Defendant's") Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion") (Doc. 84), based on COVID-19 related health concerns, will be denied.

The statute controls the Court's decision here. Section 3582(c)(1)(A)(i) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that in any case the court . . . upon motion of the defendant . . . may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction.

A reduction must be consistent with the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The Court must consider the section 3553 factors, and here, after careful consideration of the parties' arguments, the Court finds that the section 3553 factors cannot support a reduction in sentence. The Court finds that Defendant's sentence reflects Defendant's history and characteristics, the seriousness of Defendant's offense, and the needs for just punishment and deterrence.

1

Defendant argues that he has contracted "COVID-19 'long-haul symptoms' such as shortness of breath, fatigue, irregularities in heartbeat, and blurred vision" which constitute extraordinary and compelling reason to grant release and/or reduction in sentence in light of the COVID-19 pandemic.  Motion at 1, 12.  The Government is somewhat skeptical of Defendant's claims, and notes that experiencing "long covid" symptoms is not specifically addressed by the CDC as a condition which increases the risk of severe illness or death from COVID-19.  Response (Doc. 90) at 6-7.  However, the Government also recognizes that "long covid" symptoms may be indicative of an immunocompromised state (weakened immune system), and that the CDC has recognized people with a weakened immune system to be at increased risk of severe illness from COVID-19, and as such, in the context of the ongoing pandemic, the Government concedes that an immunocompromised state/weakened immune system is a "serious physical or medical condition."  Id. at 7.  Because of the changing nature of COVID-19 and the new information and evidence that will become available as the virus continues to be studied, the Court is swimming in murky waters as to whether "long covid" symptoms constitute an immunocompromised state.  However, even assuming Defendant's "long covid" symptoms presented significant risks to his health, the Court is required to balance that against the considerations resulting in his original sentence, pursuant to 18 U.S.C. § 3553.

As the Government notes, Defendant has approximately 16 months left to serve on his sentence.  Response at 18.  Defendant was sentenced at the very bottom of his guideline range, to a sentence of 70 months for conspiracy to commit wire fraud.  Judgment (Doc. 80).  As the Government notes, he was the manager and supervisor of a large fraud conspiracy which targeted elderly victims, robbing them of hundreds of thousands of dollars by fraudulently claiming that these victims had won cash prizes in a lottery and needed to send money to pay

taxes or other assessments to claim the nonexistent cash prizes.  Response at 2-4, 17.  In imposing sentence, the undersigned considered the section 3553 factors, including the serious nature of Defendant's offense, and the needs for just punishment, deterrence and rehabilitation.  Those considerations remain salient, and they are not outweighed by the risks associated with Defendant remaining incarcerated.

The Court notes that Defendant has attempted, at considerable length, to demonstrate to the Court that his risk of recidivism is low—particularly given the likelihood of deportation upon release in his case—and highlights his rehabilitation.  Motion at 12-15.  Risk of recidivism is but one of the many factors the Court considers.  See 18 U.S.C. § 3553.  In addition, while the Court does commend Defendant on his rehabilitative efforts while in prison, including participation in programming, this is what the Court hopes is always the case when a defendant is incarcerated.

The Government, moreover, has supplied evidence showing that Defendant was offered the Moderna vaccine for COVID-19 earlier this year, and he refused it.  See Response at 2-3, 7-8; Defendant's Medical Records Filed Under Seal (Doc. 91) at 86, 105.  As such, because Defendant has refused readily available "self-care," the Government argues that there is no "extraordinary and compelling" reason for release.  Response at 7-16.  While, to be clear, the Court would deny his Motion in any event because of the section 3553 factors, it seems fair to conclude that Defendant's decision significantly undermines the foundational premises of his Motion.  See U.S. v. Gonzalez Zambrano, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021) (although defendant requested that the court take immediate action to release her due to the threat of COVID-19, she was not willing to accept inoculation, and "[i]t would be paradoxical to endorse a system whereby a defendant could [proffer] extraordinary and compelling circumstances for compassionate release" by refusing "health care [offered] to them"); United

3

States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–44 (D. Ariz. 2021) ("Judges of this Court, as well as others around the country, have ruled with consistency that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances"); United States v. Reed, 2021 WL 2681498, at *4 (E.D. Pa. June 30, 2021) (defendant who received vaccination and therefore exercised appropriate "self-care" against COVID-19 was not granted compassionate release and "[n]ow that COVID-19 vaccinations are being administered throughout the Bureau of Prisons, compassionate release motions [based on COVID-19] generally lack merit").

Having weighed the specific facts and circumstances regarding Defendant, vis-à-vis COVID-19—along with all of the considerations in Section 3553—the Court cannot agree that release is warranted. For these reasons, Defendant's Motion (**Doc. 84**) for reduction of sentence is **DENIED**.

IT IS SO ORDERED.

December 28, 2021                              s\Cathy Bissoon
                                               Cathy Bissoon
                                               United States District Judge

cc (via ECF email notification):

All Counsel of Record

cc (via First-Class U.S. Mail):

Kristoff Cain
USMS 39034-068
FCI Fort Dix
Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640